UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| RYLAND B. RICE, | ) | Case No. 20-60788 |
| | ) | |
| Debtor. | ) | |

## RESPONSE BY REGINALD R. YANCEY TO UNITED STATES TRUSTEE'S MOTION TO REVIEW FEES

Reginald R. Yancey ("Respondent"), by counsel, responds to the United States Trustee's Motion to Review Fees as follows:

1. The Respondent admits the allegations contained in paragraphs 1 through 3 of the Motion.

2. The Respondent admits the allegations contained in paragraph 4 of the Motion.

3. The Respondent asserts that because there is no time frame set out in the allegations contained in paragraphs 5 and 6 of the Motion; he is unable to accurately admit or deny the allegations contained in those paragraphs.

4. The Respondent admits the allegations contained in paragraphs 7 through 9 of the Motion.

5. The Respondent admits that he entered into the engagement agreement attached as Exhibit 1 to the Motion and referenced in paragraph 10 of the Motion.

6. The Respondent admits that his office issued the receipt attached as Exhibit 2 to the Motion and referenced in paragraph 11 of the Motion.

7. The Respondent admits that the voluntary petition referenced in paragraph 12 of the Motion was filed on May 13, 2020. As for the remaining allegations in paragraph 12, the Respondent asserts that the petition speaks for itself and is the best source of its terms.

8. The Respondent denies the allegations contained in paragraph 13 of the Motion.

9. The Respondent admits that his office issued the receipt attached as Exhibit 3 of the Motion and referenced in paragraph 14 of the Motion.

10. The Respondent admits the allegations contained in paragraph 15 of the Motion.

11. The Respondent asserts that schedules A and B of the schedules are the best evidence of the information contained on them.

12. The Respondent asserts that he is unaware of the timeframe included "at all relevant times," as set out in paragraph 17 of the Motion and therefore denies the allegations contained in that paragraph.

13. The Respondent asserts that the information contained on schedules D, E, F, Statement of Financial Affairs, and Rule 2016 Certification are the best evidence of that information and therefore neither admits nor denies the allegations contained in paragraphs 18 through 22 of the Motion.

14. The Respondent admits that the chapter 13 plan on behalf of Ryland B. Rice was filed on June 9, 2020.

15. The Respondent asserts that the information contained in the plan is the best evidence of its content, and therefore neither admits nor denies the allegations contained in paragraph 24 of the Motion.

16. The Respondent admits that Rice Timber filed its chapter 11 petition on June 26, 2020.

17. The Respondent admits that Ryland B. Rice filed a motion to dismiss his chapter 13 case on June 30, 2020.

18. The Respondent admits that the Court entered an Order Dismissing the case on July 1, 2020.

19. The Respondent is not specifically aware of allegations received by the United States Trustee and therefore denies the allegations contained in paragraph 28 of the Motion.

20. The Respondent acknowledges his May 3, 2021 letter to the U.S. Trustee.

21. The Respondent denies the allegations contained in paragraph 30 of the Motion.

22. The Respondent admits the allegations contained in paragraphs 31 through 36 of the Motion.

23. The Respondent acknowledges the language in the engagement agreement and the Rule 2016 certification as set out in paragraph 37 of the Motion. The Respondent further asserts that any inconsistency between those documents were inconsequential,

Case 20-60788    Doc 38    Filed 07/27/22    Entered 07/27/22 13:01:28    Desc Main
                          Document      Page 3 of 4

      inadvertent, unintentional, and did not prejudice any parties.

24. The Respondent admits the allegations contained in paragraph 38 of the Motion.

25. The Respondent has not had an opportunity to review the transcripts of the Examination, and therefore is not in a position at this time to either admit or deny the allegations contained in paragraphs 39 and 40 of the Motion.

26. In response to paragraphs 41 through 46 of the Motion the Respondent concedes the quotations from sections 105(a) and 329(a) of the Bankruptcy Code and the U.S. Trustee's summary of certain case law, without admitting or denying that the U.S. Trustee's conclusions regarding those Code sections and case law are appropriate or applicable in this case.

27. The Respondent denies the allegations contained in paragraphs 47 through 50 of the Motion.

28. The Respondent acknowledges the Motion's reference to §105(a) and §329(b) along with its quotation from various cases as set out in paragraphs 51 through 53 of the Motion, without admitting or denying the appropriateness or applicability of those sections and cases to this case.

29. The Respondent denies the allegations contained in paragraphs 54 and 55 of the Motion.

30. No answer is required to paragraph 56 of the Motion.

    WHEREFORE, Reginald R. Yancey, by counsel, hereby requests that the Court deny the U.S. Trustee's Motion for Review of Fees and for such other relief as the Court deems appropriate.

Date: July 27, 2022                                                 Respectfully submitted,

Andrew S. Goldstein, Esq.                         REGINALD R. YANCEY
Magee Goldstein Lasky & Sayers, PC
PO Box 404
Roanoke, VA 24003-0404                            By: /s/ Andrew S. Goldstein
114 Market Street, S.E., Suite 210                     Of Counsel
Roanoke, VA 24011
Telephone: (540) 343-9800
Facsimile: (540) 343-9898
E-mail: agoldstein@mglspc.com

CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of July, 2022, the original of the foregoing Response to Motion to Review Fees was electronically filed in the Western District of Virginia, United States Bankruptcy Court and by doing so, Counsel for the U.S. Trustee was served electronically by ECF.

/s/ Andrew S. Goldstein
Andrew S. Goldstein, Esquire